**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1442
_____

UNITED STATES OF AMERICA

v.

DANIEL YOUNG,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 11-cr-00304-2)
District Judge: Honorable David S. Cercone
Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015

Before: CHAGARES, KRAUSE, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed : June 29, 2015)
_____

OPINION*
_____

CHAGARES, <u>Circuit Judge</u>.

Daniel Young appeals an order of forfeiture in the amount of $446,244.00

imposed following his conviction for structuring transactions to evade reporting

requirements in violation of 31 U.S.C. § 5324. For the following reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. In December 2011, a grand jury for the United States District Court for the Western District of Pennsylvania charged Young with three counts of structuring currency transactions and one count of conspiring to structure currency transactions in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(b)(3). Supplemental Appendix ("Supp. App.") 12, 16-18. The Indictment alleged that between 2007 and 2008, Young made several large purchases with cash, dividing each purchase into smaller purchases so that he could evade the reporting requirement for cash purchases over $10,000. At trial, the Government introduced evidence that Young was a drug dealer, [See, e.g., Trial Transcript 7/16/13 at 136, 7/17/13 at 15-16], and argued the illicit source of his income was one reason he sought to avoid reporting requirements, [Trial Transcript 7/18/13 at 29].

A jury found Young guilty on all counts, [Trial Transcript 7/19/13 at 2-3], and returned a special verdict finding that a 2008 Dodge truck, a 2007 John Deere tractor, a 2008 front end loader, two parcels of real property, and $234,859.00 were involved in or traceable to the structuring offenses, Supp. App. 51-52. The District Court ordered a forfeiture in the amount of $446,244.00, representing the sum value of the property set forth above. See App. 3. Young timely appealed the forfeiture order.

II.[1]

A criminal forfeiture violates the Excessive Fines Clause of the Eighth

Amendment if it is grossly disproportional to the gravity of the offense it is designed to

punish. United States v. Bajakajian, 524 U.S. 321, 334 (1998). In assessing the

proportionality of a fine, we consider (1) the nature of the offense or offenses; (2)

whether the defendant falls into the class of persons for whom the statue was designed —

e.g., money launderers, drug dealers, or tax evaders; (3) the maximum fine authorized by

statute and the sentencing guidelines which are associated with the offense or offenses;

and (4) the harm caused by the defendant's conduct. United States v. Cheeseman, 600

F.3d 270, 283-84 (3d Cir. 2010).

A.

Young argues that the first factor — the nature of the offense — favors him

because he was found guilty of a mere reporting offense. In Bajakajian, the United States

Supreme Court cited the fact that the defendant's crime was "solely a reporting offense"

as one reason why a forfeiture order was excessive. 524 U.S. at 337. But the Bajakajian

defendant was guilty of a single instance of failing to report legally-obtained monies,

unrelated to any other illegal activities. Id. at 337-338. Here, by contrast, Young

violated § 5324 multiple times over a period of two years, and there was evidence he did

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination of whether a forfeiture constitutes an excessive fine in violation of the Eighth Amendment. United States v. Cheeseman, 600 F.3d 270, 275 n.4 (3d Cir. 2010) (citing United States v. Bajakajian, 524 U.S. 321, 336-37 (1998)).

3

so to hide the proceeds of his drug dealing. We determine that the first factor favors the Government.

B.

Young also argues that he does not fall into the class of persons for whom the statute was designed because he was not a major drug trafficker. As we noted above, § 5324 was designed to target money launderers, drug dealers, and tax evaders. Cheeseman, 600 F.3d at 283. The Government presented evidence that Young regularly sold cocaine over a multi-year period and that he violated § 5324 to cover up that business. However Young may wish to minimize his drug dealing in comparison to "true trafficker[s] or . . . kingpin[s]," Young Br. 16, his conduct clearly places him in the class whose behavior § 5324 was designed to discourage.

C.

Young's third argument is that the forfeiture far exceeds the advisory Guidelines range. The advisory Sentencing Guidelines provide for a maximum of $125,000 for Young's offense level of 26. U.S.S.G. § 5E1.2(c)(3). This is significantly lower than the statutory maximum of $1,000,000. See 18 U.S.C. § 3571(b)(3). At least one Court of Appeals has held that "the maximum penalties under the Sentencing Guidelines should be given greater weight than the statutory maximum because the Guidelines take into account the specific culpability of the offender." United States v. $100,348 in U.S. Currency, 354 F.3d 1110, 1122 (9th Cir. 2004). But see United States v. Malewicka, 664 F.3d 1099, 1106 (7th Cir. 2011) (approving a fine that far exceeded the Guidelines range but was well beneath the statutory limit). On the other hand, the Bajakajian Court noted

4

that "'[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.'" Bajakajian, 524 U.S. at 336 (quoting Solem v. Helm, 463 U.S. 277, 290 (1983) (alteration in original)). In Cheeseman, we approved a forfeiture that exceeded both the Guidelines and the statutory range, holding that this factor was not dispositive. 600 F.3d at 284-85. Here, given that Young's fine was less than half of the statutory maximum, we do not make much of the fact that it exceeded the advisory Guidelines range.

D.

Finally, Young argues that the Government suffered no harm as a result of his actions. The absence of financial harm does not provide much support for Young's argument. The purpose of prohibiting structuring transactions is to help the Government investigate drug dealers, money launderers, and tax evaders. The harm from violating this statute is often a loss of information, not money. This sort of harm may not justify the degree of punishment that more tangible harms do, but given that the statute does not target direct financial harm, the absence of such harm should not render unconstitutionally excessive a punishment that is within the range Congress provided.

III.

For the foregoing reasons, we will affirm the order of the District Court.